IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


PAUL ALAN CUNDIFF                                                    PLAINTIFF

        v.                              CIVIL NO. 11-5278

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                      DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Paul Alan Cundiff, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI

of the Social Security Act (Act). In this judicial review, the Court must determine whether there

is substantial evidence in the administrative record to support the Commissioner's decision. See

42 U.S.C. § 405(g).

### I.     Procedural Background:

Plaintiff protectively filed his current applications for DIB and SSI on August 18, 2008,

alleging an inability to work since December 2, 2006, due to bad knees, mental problems, and

depression. (Tr. 61-62, 127). An administrative hearing was held on April 6, 2010, at which

Plaintiff appeared with counsel and testified. (Tr. 230-267).

By written decision dated August 24, 2010, the ALJ found that during the relevant time

period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 16).

Specifically, the ALJ found Plaintiff had the following severe impairments: mild osteoarthritis

of the knees, obesity, and an anxiety disorder. However, after reviewing all of the evidence

AO72A
(Rev. 8/82)

presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of

severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P,

Regulation No. 4.  (Tr. 17).  The ALJ found Plaintiff retained the residual functional capacity

(RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he
> can only occasionally climb ramps and stairs, balance and stoop but can never
> climb ladders, ropes, or scaffolds, kneel, crouch, or crawl.  He must avoid
> concentrated exposure to hazards, such as unprotected heights, and cannot drive
> as a part of work duties.  From a mental standpoint, he is able to perform work
> where interpersonal contact is incidental to work performed; complexity of tasks
> is learned and performed by rote with few variables and use of little judgment;
> and supervision required is simple, direct, and concrete.

(Tr. 18). With the help of a vocational expert, the ALJ determined Plaintiff could perform his

past relevant work as an assembler of electronic golf carts, as well as other work as a poultry de-

boner/eviscerator, a machine tender, and a tender/window shade sewer.  (Tr. 20-21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which

denied that request on October 21, 2011.  (Tr. 3-5).  Subsequently, Plaintiff filed this action.

(Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 5).

Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 9,10).

The Court has reviewed the entire transcript.  The complete set of facts and arguments

are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.

2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind

AO72A
(Rev. 8/82)

would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

-3-

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**III.    Discussion:**

Plaintiff argues the following issues in this appeal: 1) whether the ALJ failed to consider Plaintiff's migraine headaches; 2) whether the ALJ erred in failing to obtain legible copies of all relevant medical records; and 3) whether substantial evidence supports the ALJ's finding that Plaintiff retained to RFC to perform his past relevant work.

**A.    Plaintiff's alleged impairments:**

Plaintiff argues that the ALJ failed to consider all of Plaintiff's alleged disabling impairments. A review of the record revealed that Plaintiff alleged he was disabled due to "bad knees, mental problems depression." (Tr. 127). Plaintiff's March 31, 2010 Pre-Hearing Memorandum, submitted to the ALJ prior to the administrative hearing, also states that Plaintiff was unable to work due to his bad knees, mental problems, and depression. (Tr. 137). While this memorandum does note that Plaintiff reported experiencing migraines, it does not include this impairment as one of the impairments that prohibits him from working.

The medical record showed that Plaintiff did not report experiencing migraine headaches to either of the medical providers that performed consultative physical or mental evaluations. (Tr. 146-150, 154-157). Plaintiff reported a nine year history of migraine headaches to Dr.

-4-

Latifat Ogon in September of 2009 that was temporarily relieved with the use of Excederin

Migraine, but Plaintiff also described associated photophobia and nausea.  (Tr. 198).  Plaintiff

denied any change in his vision.  Plaintiff reported a migraine headache on September 16, 2009,

and was prescribed medication. (Tr. 196).  Plaintiff was to return in one week; however there is

no evidence that Plaintiff sought treatment again during the relevant time period. The record

therefore revealed that during the relevant time period of December of 2006, through August of

2010, Plaintiff sought treatment for a migraine headache twice during a one week period of time

in September of 2009.

It is also noteworthy that Plaintiff testified at the April 6, 2010 administrative hearing,

that he was able to work for many years despite experiencing these allegedly chronic headaches.

(Tr. 244, 253).  See Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir.1990) (when a claimant has

worked with an impairment, the impairment cannot be considered disabling without a showing

that there has been a significant deterioration in that impairment during the relevant period).

Based on the evidence of record, the Court finds substantial evidence to support the ALJ's

determination.

### B.      Illegible Copies:

Plaintiff argues that the ALJ erred in not obtaining legible copies of certain medical

records that Plaintiff had provided in support of his application for benefits. (Tr. 206-229).  As

pointed out by Defendant, these records are dated over two years prior to the relevant time

period, and many of the records are legible, so the ALJ was able to obtain an understanding of

Plaintiff's medical treatment during the period in time.  The Court finds that the record before

the ALJ contained the evidence required to make a full and informed decision regarding

AO72A
(Rev. 8/82)

Plaintiff's capabilities during the relevant time period.  See Strongson v. Barnhart, 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

### C.      The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of the non-examining agency medical consultants; the consultative examiners assessments; Plaintiff's subjective complaints; and his medical records.  With regard to Plaintiff's obesity, the ALJ noted that obesity may have an adverse impact upon Plaintiff's co-existing impairments, and indicated that he considered any limitations

AO72A
(Rev. 8/82)

associated with obesity when determining Plaintiff's RFC. Heino v. Astrue, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal).

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. Therefore, the Court finds there is substantial evidence of record to support the ALJ's RFC findings for the relevant time period.

**D.     Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

Based on the record as a whole, the Court finds that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors; and that there is substantial evidence to support the ALJ's credibility findings.

AO72A
(Rev. 8/82)

**E.      Hypothetical Question to the Vocational Expert:**

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).  Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing his past relevant work as an assembler of electronic golf carts, or other work as a poultry de-boner/eviscerator, a machine tender, or a tender/window shade sewer.  Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.      Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 19th day of November, 2012.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)